UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|   JOSEPH B. RILEY, SR. | : | |
|   TARA M. RILEY | : | CHAPTER 13 |
|     Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | CASE NO. 1-24-bk-02963 |
|     Movant | : | |
| | : | |
| JOSEPH B. RILEY, SR. | : | |
| TARA M. RILEY | : | |
|     Respondent | : | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 27th day of February 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Line 16 tax expense should be $1,646.00 per month.

2. Failure to properly state the liquidation value in Section 1B of the Plan (once proper exemptions are used).

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid.

5. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:
    a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of December 2024 and January through February 2025 for Debtor #1.
    b. Debtor(s) has not provided to Trustee a copy of Debtor(s)' credit report.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor(s)' Plan.
   b. Dismiss or convert Debtor(s)' case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

       AND NOW, this 27th day of February 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

JOHN M HYAMS ESQUIRE
2023 N 2ND STREET, SUITE 203
HARRISBURG, PA   17102-

                                            /s/Tammy Life
                                            Office of Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee